IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARION DALLAS SOUTH,

    Plaintiff,
v.                                            CASE NO. 4:12-cv-303-WS-GRJ

DR. STELLA RODRIGUEZ, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1 & 2. At the time the complaint was filed, Plaintiff was confined at the Florida State Hospital. The complaint stems from treatment Plaintiff received for a broken finger in April 2012. Upon screening pursuant to 28 U.S.C § 1915(b)(2), the Court deferred a ruling on Plaintiff's IFP motion and ordered him to show cause as to why the complaint should not be dismissed for abuse of the judicial process. Plaintiff failed to respond to the show cause order. Further, a review of the DOC's inmate locator reflects that Plaintiff was transferred to Union Correctional Institution. Plaintiff has failed to provide the Court with his current address. For the reasons explained below, the undersigned recommends that the complaint be dismissed for abuse of the judicial process and for failure to prosecute.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the

instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 1 at 3-5. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Doc. 1 at 3.

In response to these questions, Plaintiff denied that he had filed any prior cases. *Id*. A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegations, Plaintiff filed at least one additional civil rights case that he failed to disclose: *South v. Manatee County Sheriff's Office*, Case No. 8:04-cv-2774-RAL-MAP (M.D. Fla. 12/27/04) (dismissing case for failure to state a claim upon which relief may be granted). The dismissal of this case for failure to state a claim counts as a strike pursuant to 28 U.S.C § 1915(g).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous cases as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-

cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff has failed to make any argument that his lack of candor should be excused, and has failed to keep the Court apprised of his current address.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for abuse of the judicial process and for failure to prosecute. Such dismissal should be without prejudice to Plaintiff's right to refile his claims, but will operate as a "strike" pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS** this 25th day of February 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge